Opinion issued June 7, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00732-CR

———————————

Lobe mayes, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 183rd District Court

Harris County, Texas



Trial Court Case No. 1165129

 



 

MEMORANDUM OPINION

A jury convicted Lobe Mayesof the felony
offense of indecency with a child and, after finding two enhancement offenses
true, assessed punishment at forty years’ confinement.[1]Mayes timely filed a notice of appeal.

Mayes’s appointed counsel on appeal has filed a motion to
withdraw, along with an Anders brief
stating that the record presents no reversible error and therefore the appeal
is without merit and is frivolous.See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).

An attorney has an ethical obligation to refuse to prosecute
a frivolous appeal. In re Schulman,
252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a
case to be wholly frivolous, her obligation to her client is to seek leave to
withdraw. Id. Counsel’s obligation to
the appellate court is to assure it, through an Anders brief, that the request to withdraw is well-founded based on
a complete review of the record. Id. If
we agree that the appeal is wholly frivolous, we will grant counsel’s motion to
withdraw and affirm the trial court’s judgment. See Garner v. State, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). If
we conclude that arguable grounds for appeal exist, however, we will grant the
motion to withdraw, abate the case, and remand it to the trial court to appoint
new counsel to file a brief on the merits. See
Bledsoev. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Here, the record reflects that
counsel delivered a copy of the brief to Mayesand informed himof his right to examine
the appellate record andto file a response. See
Schulman, 252 S.W.3d at 408. More than 30 days have passed, and Mayes has
not filed a pro se response. 

Counsel’s brief meets the Anders
requirements by presenting a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S.Ct. at
1400; see also High v. State, 573
S.W.2d 807, 812 (Tex.Crim.App.1978). Counsel supplies us with references to the
record and provides us with citation to legal authorities. Counsel indicates
that she has thoroughly reviewed the record and that she is unable to advance
any grounds of error that warrant reversal.See
Anders, 386 U.S. at 744, 87 S.Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).

          We
have independently reviewed the entire record, and we conclude that no
reversible error exists in the record, that there are no arguable grounds for
review, and thatthe appeal is therefore frivolous. See Anders, 386 U.S. at 744, 87 S.Ct. at
1400; Garner, 300 S.W.3d at 767
(Tex.Crim.App.2009) (explaining that frivolity is determined by considering
whether there are “arguable grounds” for review); Bledsoe, 178 S.W.3d at 826-27 (emphasizing that reviewing court—and
not counsel—determines, after full examination of proceedings, whether appeal
is wholly frivolous); Mitchell, 193
S.W.3d at 155. Although we may issue an opinion explaining why the appeal lacks
arguable merit, we are not required to do so. See Garner, 300 S.W.3d at 767. Mayes may challenge our holding that
there are no arguable grounds for appeal by filing a petition for discretionary
review in the Court of Criminal Appeals. See
Bledsoe, 178 S.W.3d at 827 & n.6.

          We
affirm the trial court’s judgment and grant counsel’s motion to withdraw.[2]Attorney,Patti
Sedita, must immediately send the notice required by Texas Rule of Appellate
Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.SeeTex.
R. App. P. 6.5(c).

PER
CURIAM

 

Panel
consists of Justices Bland, Massengale, and Brown.

Do
not publish. Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. §
21.11(a) (West 2011).





[2]           Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Bledsoe, 178
S.W.3d at 826−27.